# Weil, Gotshal & Manges LLP

VIA ECF

| | |
|---|---|
| Diane P. Sullivan | Caroline H. Zalka |
| 17 Hulfish Street, Suite 201 | 767 Fifth Avenue |
| Princeton, NJ 08542 | New York, NY 10153 |
| +1 609 986 1120 tel | +1 212 310 8881 tel |
| +1 609 986 1199 fax | +1 212 310 8007 fax |
| diane.sullivan@weil.com | caroline.zalka@weil.com |

May 12, 2025

The Honorable Zahid N. Quraishi
United States District Court, District of New Jersey
402 East State Street
Trenton, NJ 08608

Re: *Bloc Dispensary LLC v. Bossidy*, No. 3:25-cv-01725-ZNQ-JBD (D. N.J.)

Dear Judge Quraishi,

On behalf of Defendant Timothy Bossidy, we write to respectfully request a pre-motion conference concerning two anticipated motions: (i) a motion to transfer this action to the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a) and (ii) a motion to dismiss Plaintiff Bloc Dispensary LLC's ("Justice Grown" or "the Company") Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Justice Grown, a cannabis company, has asserted claims against Mr. Bossidy, its former Chief Restructuring Officer ("CRO"), for breach of fiduciary duty and conversion. Justice Grown alleges that: (1) pursuant to a forbearance agreement, AFC Gamma, Inc. ("AFC") installed Mr. Bossidy as CRO to mismanage Justice Grown's New Jersey facility so that AFC could seize Justice Grown's assets; and (2) following Justice Grown's request for production of communications, Mr. Bossidy consulted a lawyer concerning the request in light of Justice Grown's threatened litigation, instead of complying. *See* Compl. ¶¶ 2, 41, 39, 65; Compl. Ex. 1.

The Engagement Letter executed between Justice Grown and SierraConstellation Partners LLC ("SCP") (the "Engagement Letter"), provides that any dispute arising out of the Engagement proceed in California. Accordingly, Mr. Bossidy anticipates moving to transfer the action to California under Section 1404(a) to enforce the binding forum selection clause. He also intends to move to dismiss this action under Federal Rule 12(b)(6) for failure to adequately plead a claim for breach of fiduciary duty or conversion.

I. **The Engagement Letter Contains a Valid and Enforceable Forum Selection Clause.**

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Engagement Letter here expressly provides:

> This Agreement shall be governed by and construed in accordance with the laws of the State of California (without giving effect to the choice of law principles thereof). Any action based upon or arising out of this Agreement shall be brought and maintained exclusively in any state or federal court, in each case in Los Angeles County, California. Each of the parties hereby

> expressly and irrevocably submits to the jurisdiction of such courts for the purposes of any such action and expressly and irrevocably waives, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action brought in any such court and any claim that any such action has been brought in an inconvenient forum.

*See* Ex. A., Engagement Letter ¶ 48. The Supreme Court has held that where a valid forum-selection clause exists, that clause "represents the parties' agreement as to the most proper forum" and, for purposes of § 1404(a), should be "'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013) (citation omitted). Accordingly, the forum selection clause should be enforced.

The existence of a related action pending before this Court, *Hayden Gateway LLC et. al. v. Advanced Flower Capital Inc., et. al.*, (D. N.J.) Case No. 3:25-cv-02789, does not impede enforcement of the forum selection clause. *See In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 409 (3d Cir. 2017). In *Howmedica*, Plaintiff filed a single suit in the District of New Jersey against a number of defendants for breach of contract. *Id.* at 398. While all defendants moved to transfer the action to the Northern District of California under 28 U.S.C. § 1404(a), the agreements of several individual defendants included a binding forum-selection clause designating New Jersey as the proper forum. *Id.* at 407. Applying *Atlantic Marine*, the Third Circuit reversed the earlier holding, enforcing the forum-selection clause against the parties who contracted for them, and severing and transferring claims against the other defendants. *Id.* at 411.

## II. Justice Grown Fails to State A Claim for Breach of Fiduciary Duty.

To state a claim for breach of fiduciary duty, "'the existence of a fiduciary duty or relationship between the parties'" must be adequately pled. *Alston v. TD Bank, N.A.*, 2025 WL 481048, at *5 (D. N.J. Feb. 13, 2025) (citations omitted). New Jersey law does not, by default, impose fiduciary duties on officers of limited liability companies, including the duties of loyalty and candor. *See* N.J. Stat. Ann. § 42:2C-1 (West). The Complaint does not plead the source and scope of Mr. Bossidy's fiduciary duties (such as the duties applicable to Justice Grown officers set forth in its LLC Agreement) or that he breached any such duties. *See* Compl. ¶¶ 3, 64; *Goodman v. Goldman, Sachs & Co.*, 2010 WL 5186180, at *10 (D. N.J. Dec. 14, 2010).

To substantiate its breach of loyalty claim, Justice Grown must plead plausible facts demonstrating that Mr. Bossidy engaged in self-dealing, had "a conflicting interest" in a transaction or intentionally acted for some purpose other than in the best interests of the Company, constituting bad faith. *See Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 761–62 (D. N.J. 2013). The Complaint does not do so. There are no facts supporting the existence of any transaction in which Mr. Bossidy was "interested" because he "appear[ed] on both sides . . . or expect[ed] to derive any personal financial benefit from it in the sense of self-dealing[.]" *Jurista*, 492 B.R. at 761 (citations and internal quotation marks omitted). Absent such facts, Justice Grown's breach of fiduciary duty claim fails.

Justice Grown vaguely gestures at a supposed conspiracy between Mr. Bossidy and AFC to intentionally mismanage the Company and seize its assets. *See* Compl. ¶¶ 2, 6, 25, 40. Notwithstanding that these allegations are entirely conclusory, they fail to show that Mr. Bossidy

had any knowledge of AFC's purported scheme to seize Justice Grown's assets and thus, intentionally made poor management decisions in bad faith in furtherance of the scheme and in his self-interest. *See Lemar v. Am. Trading Corp.*, 643 F. App'x 79, 81–82 (3d Cir. 2016) ("The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully. Conclusory allegations are insufficient to survive a motion to dismiss.") (citations omitted). As set forth in the Complaint, Justice Grown's allegations about Mr. Bossidy's management decisions—including, whether to eliminate certain positions at the New Jersey facility, hire consultants, or discontinue specific product lines—are thus insufficient to establish a breach of loyalty. *See* Compl. ¶¶ 4, 5, 10, 12, 22, 28–30, 37–39, 42, 45, 59, 65; *Seidman v. Clifton Sav. Bank, S.L.A.*, 2009 WL 2513797, at *9 (N.J. Super. Ct. App. Div. Aug. 19, 2009), *aff'd*, 14 A.3d 36 (N.J. 2011) (even if decisions of officers are the consequence of their "'bad judgment, without bad faith,'" they are "'not ordinarily [held] individually liable.'") (citations omitted).

Finally, Justice Grown is unable to plead any plausible and resulting damages from Mr. Bossidy's purported breach of fiduciary duty. *See Goodman*, 2010 WL 5186180, at *10 ("'[T]o establish a cause of action for a breach of fiduciary duty in New Jersey, a plaintiff must show . . . that injury to plaintiff occurred as a result of the breach[.]'") (citation omitted). Justice Grown's claim that it suffered "at least $170.9 million in damages due to AFC Gamma's and Bossidy's mismanagement including lost enterprise value, lost profits, wasted payments to Bossidy's 'consultant' friends, and cascading losses to other operations" is unsupported by any well-pled facts. *See Canon Fin. Servs, Inc. v. Bray*, 2015 WL 851816, at *5 (D. N.J. Feb. 26, 2015) ("A plaintiff must allege more than labels and conclusions" to support a claim for damages and "survive a motion to dismiss.") (cleaned up).

### III.  Justice Grown Fails to State A Claim for Conversion.

Justice Grown's conversion claim should also be dismissed. To state a claim for conversion, Justice Grown must show "(1) wrongful exercise of dominion or control over the property of another; (2) the taking of the property without authorization; and (3) that the taking was to the exclusion of the owner's rights to that property." *FMHUB, LLC v. MuniPlatform, LLC*, 2021 WL 1422873, at *9 (D. N.J. Apr. 15, 2021). Justice Grown's conversion claim fails because conversion only applies to "interference with tangible property." *Shrink Packaging Sys. Corp. v. Kist*, 2023 WL 5664733, at *8 (D. N.J. Sept. 1, 2023). Courts have consistently held that electronic information, such as Mr. Bossidy's "communications with AFC Gamma" including "emails, texts and the like," and "phone logs of his verbal communications" (Compl. ¶¶ 11, 55) do not constitute tangible property subject to a conversion claim. *Id.; see Slim CD, Inc. v. Heartland Payment Sys. Inc.*, 2007 WL 2459349, at *9 (D. N.J. Aug. 24, 2007) (finding that customer transaction data transmitted via computer is intangible property and inadequate to establish a conversion claim).

For the foregoing reasons, Mr. Bossidy respectfully requests a pre-motion conference concerning his anticipated motions under Section 1404(a) and Federal Rule 12(b)(6).

Respectfully submitted,

*s/ Diane P. Sullivan*
Diane P. Sullivan
Caroline H. Zalka (*pro hac vice* pending)