# LITT LAW, LLC

Matthew R. Litt, Esq.
MLitt@LittLaw.Net / Ph: (908) 902-7071
789 Farnsworth Ave., Bordentown, NJ 08505

---

May 19, 2025

**Via Electronic Case Filing**
Honorable Zahid N. Quraishi
United States District Court, District of New Jersey

    Re: <u>Bloc Dispensary LLC v. Bossidy, No. 3:25-cv-01725-ZNQ-JBD (D. N.J.)</u>

Dear Judge Quraishi:

    In response to Defendant's request for a pre-motion conference, Plaintiffs dispute his contentions that (1) California is a more appropriate venue for this lawsuit than this Court, and (2) the Complaint fails to state a claim for breach of fiduciary duty and conversion.

    **I.    The Court Should Not Transfer this Case to California.**

    Assuming for the sake of argument that the parties' Engagement Letter contains a valid forum selection clause naming Los Angeles County, California, as the appropriate venue, Bossidy still has not stated a basis to transfer the action to a federal court in California. First, the forum selection clause addresses actions between the "parties" to the agreement, and Bossidy is not a party. *See* Agreement, Standard Terms and Conditions § 48 ("Each of the parties hereby expressly and irrevocably submits to the jurisdiction of [California] courts"); *Id.* pg. 1 (stating that the agreement is between Bloc and SCP). When the Agreement refers to Bossidy it uses the term "CRO" *Id.* (Bloc retains SCP to provide a CRO); *Id.* §§ 1,3, 21-24.

    Second, a forum selection clause does not receive "dispositive consideration" regardless. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S. Ct. 2239, 2245, 101 L. Ed. 2d 22 (1988); *accord Jumara*, 55 F.3d at 881 (holding that forum selection clause is "a non-dispositive factor"). Instead, it is but one factor among several that the court must consider under 28 U.S.C. § 1404(a). *See Jumara*, 55 F.3d at 880. Accordingly, in cases where the other factors weigh heavily in favor of another forum, courts refuse to enforce such a clause. That is particularly true where, as here, "[i]t is abundantly clear that New Jersey has a more significant connection to Plaintiff's claims than [the contracted venue]." *Dibsie v. Gulf Stream Coach, Inc.*, No. CIV.A. 07-5798, 2008 WL 2230658, at *9 (D.N.J. May 28, 2008). The connection to New Jersey is far stronger than California. Meanwhile, all of the *Jumara* factors weigh heavily in favor of New Jersey: subject matter of the dispute, all the relevant witnesses save Bossidy, and the evidence and documents are all located in New Jersey. *Id.* ("Indeed, it is noteworthy that apart from the forum selection clause, not a single factor identified in *Jumara* weighs in favor of transfer."). Necessary witnesses may not be subject to the jurisdiction and subpoena power of the California federal court.

    Even more compellingly, this case is intimately and inextricably bound with Justice Grown's lawsuit against AFC. The Court has already invested substantial time, effort, and expertise in

getting up to speed on that extremely complex dispute. Where a related case is already being heard in the original forum, courts refuse to enforce forum selection clauses as a matter of judicial economy. *Dibsie*, 2008 WL 2230658, at *8 (judicial economy tips the balance where witnesses have to testify twice, two juries would be empaneled, and "two courts, rather than one, would be required to address the parties' motion practice").

    **II.**    **The Complaint States a Cause of Action for Breach of Fiduciary Duty**
        A.  <u>Existence of a Fiduciary Duty</u>

Bossidy is correct that Plaintiff must plead the existence of a fiduciary duty. That is why Plaintiff did so, repeatedly. *See* Compl. ¶ 64 ("AS CRO, Defendant Bossidy owes fiduciary duties to Justice Grown, including the duty of loyalty and duty of candor."), ¶ 62 ("It is incumbent upon Bossidy to perform duties and do his job consistent with all of his fiduciary obligations to the company of which he is an officer, Justice Grown.").

Bossidy's claim that Justice Grown failed to "plead the source and scope of Mr. Bossidy's fiduciary duties" may be explained by the fact that Bossidy is citing to inapplicable law. The cases he cites relate to two specific situations in which there is a presumption against fiduciary duties as a matter of law, such as the bank/customer relationship, *Alston v. TD Bank, N.A.*, No. 2:24-CV-06721-JKS-CLW, 2025 WL 481048, at *5–6 (D.N.J. Feb. 13, 2025) ("Generally, there is no presumed fiduciary relationship between a bank and its customer."), *Goodman v. Goldman, Sachs & Co.*, No. CIV. 10-1247 FLW, 2010 WL 5186180, at *11 (D.N.J. Dec. 14, 2010) ("there is no fiduciary relationship between an investor and a broker" under applicable laws).

Where courts have unambiguously ruled that no fiduciary relationship exists as a matter of law, then of course a plaintiff would have to allege specific facts establishing such a relationship. But that is not the case here. Bossidy served as Justice Grown's Chief Restructuring Officer. There is thus no dispute that he owed Justice Grown a fiduciary duty.

Indeed, the exhibit to Bossidy's own letter to this Court plainly establishes a basis for a fiduciary relationship between Bossidy and Justice Grown. Paragraph 24 of the Engagement Letter, titled "No Fiduciary Relationship with CRO Support," states "The foregoing sentence does not apply to *the CRO who will provide Services in a fiduciary capacity*." Def. Ltr. Ex. A ¶ 24 (emphasis added). Likewise, extensive testimony before this Court in a related matter at the May 2 hearing supported the existence of a fiduciary duty Bossidy owed to Justice grown. Thus, to the extent that Bossidy still fails to understand the duty he owed Justice Grown, and the many ways in which he breached it, Plaintiff's Complaint is not to blame. It suffices.

        B.  <u>Bossidy's Bad Faith</u>

Bossidy incorrectly claims that, in order to allege a claim for breach of the duty of loyalty, Justice Grown must allege that Bossidy had a "conflicting interest." That is incorrect. While a conflict of interest is an example of a breach of that duty, it is not the only example. Plaintiff can also plead a breach by showing that Bossidy acted "for some purpose other than a genuine attempt to advance corporate welfare." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 761–62 (D.N.J. 2013) ("[A] director's bad faith conduct lends to a finding that he breached his duty of loyalty to the corporation. Bad faith is defined as "acting for some purpose other than a genuine attempt to advance corporate welfare…" ). Bossidy's claims that Justice Grown failed adequately to allege

facts showing that he was acting to further the interests of AFC rather than Justice Grown is also without merit. The Complaint is replete with such allegations. Compl. ¶¶ 11-15, 23-27, 35-41, 44-56.

Indeed, the very basis of the lawsuit is that Bossidy has a duty to provide his communications with AFC to Justice Grown, and he has failed to do so. The Complaint lays out in detail the facts supporting its claim that "Bossidy is acting in the best interests of AFC Gamma and not of Justice Grown." Compl. ¶ 58; Compl. Ex. 1 ("I find it disturbing that you won't share with the company the same communications you have given to AFC. You have a fiduciary duty to the company, and that duty includes providing the company the same documents and information you have provided to the lenders.").

    C. <u>Justice Grown Adequately Pleaded Damages</u>

Bossidy's claim that Justice Grown's damages claim "is unsupported by any well-pled facts" is itself supported by only a single, unreported case in which the plaintiff utterly failed to allege any mechanism by which defendant's breach harmed plaintiff. *See Canon Fin. Servs., Inc. v. Bray*, No. CIV. 14-3829 RBK/KMW, 2015 WL 851816, at *5 (D.N.J. Feb. 26, 2015) ("Nowhere in the Amended Complaint does CFS detail how Brian's conduct actually caused CFS harm.").

In our case, by contrast, the Complaint states a clear factual basis for damages as a result of Bossidy's breach: "Justice Grown has suffered at least $170.9 million in damages due to AFC Gamma's and Bossidy's mismanagement, including lost enterprise value, lost profits, wasted payments to Bossidy's 'consultant' friends, and cascading losses to other operations." Compl. ¶ 59.

**III.    The Complaint States a Cause of Action for Conversion.**

Finally, Bossidy's claim that the items Mr. Bossidy stole, including "the records showing AFC Gamma managing Justice Grown through him, being his written communications directly with AFC Gamma (emails, texts and the like)," Compl. ¶ 11, are insufficiently tangible to state a claim for conversion. Bossidy is wrong again. It is true that the courts of some states, including New Jersey, have held that information that exists solely electronically is not "tangible," and therefore cannot be the subject of a conversion claim. But that is not fatal to Plaintiff's conversion claim. As noted, the Complaint seeks all "written communications," not just those existing in electronic form. Compl. ¶ 11. To the extent that paper copies of those documents exist, they can form the basis for conversion. *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 210 F. Supp. 2d 552, 569 (D.N.J. 2002).

Regardless, it is by no means clear that New Jersey law governs this dispute, as the Engagement Agreement states that California law controls. Engagement Agreement ¶ 48 ("This Agreement shall be governed by and construed in accordance with the laws of the State of California."). Under California law, intangible items, such as electronic documents, can and do support a claim for conversion. *Voris v. Lampert*, 7 Cal. 5th 1141, 1151, 446 P.3d 284, 290 (2019) ("California law now holds that property subject to a conversion claim need not be tangible in form; intangible property interests, too, can be converted.").

**Respectfully submitted,**

/s/ 

**Matthew R. Litt**