UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-06457-MCS-MAR | Date August 15, 2025 |
| Title *Bloc Dispensary LLC v. Bossidy* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 29)

Defendant filed a motion to dismiss Plaintiff's complaint. (MTD, ECF No. 29.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for September 15, 2025.

The Court denies the motion for failure to comply with the prefiling conference requirement. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the

parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). The Court's standing order requires prefiling conferences to be conducted "in person or by telephone or videoconference; an exchange of written correspondence is insufficient. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 8.)

The parties did not conduct a 7-3 conference. Defendant's motion notes that the 7-3 meet and confer requirement was waived when this matter was before the District of New Jersey, prior to its transfer here. (*See* MTD 1.) Regardless of what a prior court ruled, the parties are obligated to comply with this Court's Local Rules and Standing Order.

The motion is denied without prejudice. Defendant shall file its response to the complaint within 14 days. If Defendant seeks to renew its Rule 12 motion, it must provide a declaration establishing strict compliance with Local Rule 7-3. The Court warns that any further failure by any party to initiate or participate in a Local Rule 7-3 conference will be deemed willful disobedience of this Order and will result in sanctions. C.D. Cal. R. 83-7.

**IT IS SO ORDERED.**